## Martin v. Hertzler.

*Practice—Acts of May 14, 1915, and May 23, 1923—Demurrer—Rule to strike off statement—Slander—False imprisonment.*

1. Under section 21 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, the defendant is entitled to object to the form of the plaintiff's statement, and under section 20 of the Act of 1915 he may file an affidavit of defence in lieu of a demurrer; but the Act of May 23, 1923, P. L. 325, provides that a motion to strike off a pleading that does not conform to the provisions of the Act of 1915 must be made within fifteen days from service of a copy of such pleading.

2. When an affidavit of defence in lieu of a demurrer is filed and subsequently overruled, a motion to strike off a pleading comes too late under the Act of 1923, if more than fifteen days have elapsed from the time of service of such pleading. The motion to strike off should first be made, and then, if the effort in this line is sustained, or if it is overruled, the defendant may file his affidavit of defence in lieu of a demurrer either to the original statement or to the amended statement, if amendment be allowed.

3. An action for damages for false imprisonment comes within the provisions of the Practice Act of 1915.

Rule to strike off plaintiff's statement of claim. C. P. Cumberland Co., Sept. T., 1926, No. 368.

*J. P. McKeehan* and *Hyman Goldstein*, for plaintiff.

*G. Wilson Swartz* and *W. A. Kramer*, for defendant.

BIDDLE, P. J., Jan. 18, 1927.—This was an action of trespass, in which the plaintiff's statement of claim was filed Aug. 27, 1926, and service thereof was accepted by the defendant's counsel on Sept. 10, 1926. On Sept. 23, 1926, an

Martin v. Hertzler.

affidavit of defence in lieu of a demurrer was filed; and on Oct. 26, 1926, an opinion was filed overruling the affidavit of defence in lieu of a demurrer, with leave to file an affidavit of defence to the merits within fifteen days. On Nov. 10, 1926, the defendant entered the present rule to strike off the plaintiff's statement of claim, alleging that it violated the provisions of the Practice Act of May 14, 1915, P. L. 483, in several particulars. In the view we take of the case, it is unnecessary to consider here the various specifications of defect. The pleading which is alleged to be in violation of the provisions of the Practice Act was filed, as we have noted, on Aug. 27, 1926, and service thereof was accepted by the defendant on Sept. 10, 1926. The present rule was served two months later, and, under the provisions of the Act of May 23, 1923, P. L. 325, amending section 21 of the Practice Act of 1915, this motion came too late to be considered by the court.

It was urged with vigor by the learned counsel for the defendant that they had acted within the time limited by the court in disposing of the affidavit of defence in lieu of a demurrer, and that to dismiss the present rule without consideration of it would be to deprive the defendant of a right to which he is entitled under the express provisions of the Practice Act of 1915.

We are unable to agree with this conclusion. We do agree with the learned counsel for the defendant that they are entitled to object to the form of the plaintiff's statement if it is defective, and also to file an affidavit of defence in lieu of a demurrer; but we think that the order in which these steps are taken is a material one, in view of the legislation adopted in 1923, amending the Practice Act in regard to proceedings under section 21 of that act. As we view the result of that legislation, if a defendant considers the pleadings defective in form and also insufficient in law, he should first attack the formal defects by a motion to strike off under section 21, and then, if his effort in this line is sustained, or if it is overruled, file his affidavit of defence in lieu of a demurrer, either to the original statement or to the amended statement, which corrects the formal defects pointed out in the original motion. We do not think, however, that this order may be reversed so as to permit such a course where the time consumed runs beyond the limit fixed by the amendment of 1923, as it would require a flat disregard of the express command of that act. This we feel that the court cannot do.

It was also urged that the action here is one of slander, and that, therefore, it does not come within the provisions of the Practice Act of 1915, and the amendment of 1923 would have no application. Even if this contention was correct, we do not see how it would improve the position of the defendant. The present proceeding is based wholly upon the provisions of the Practice Act of 1915. If that act does not apply, this proceeding has nothing whatever to sustain it, and the rule would, therefore, have to be discharged on that account. There was nothing under the former rules of pleading that prevailed in this State to permit an application of the present nature. While the statement of claim in this case undoubtedly sets up an alleged slander of the plaintiff by the defendant, it also claims damages for false imprisonment; and an action for damages for false imprisonment comes within the provisions of the Practice Act of 1915, which, with its amendment of 1923, applies to the present proceeding.

We feel that the rule in this case was taken too late, and that it must, therefore, be discharged without consideration of the alleged defects in the plaintiff's statement suggested by the defendant.

And now, Jan. 18, 1927, the rule in this case is discharged, at the costs of the defendant.          From Francis B. Sellers, Carlisle, Pa.